THE STATE ex rel. MILLER v. HAWES et al.,
Appellants.

### In Banc, November 3, 1903.

The judgment in this case is reversed on the authority of State ex rel.
Rife v. Hawes, reported at page 360 of this volume.

Appeal from St. Louis City Circuit Court.—*Hon. D. D.
Fisher,* Judge.

REVERSED.

*C. W. Bates* and *Wm. F. Woerner* for appellants.

*A. A. Paxson* for respondent.

GANTT, J.—Relator sues for himself and one Wil-
liam Fuchs. He was appointed a patrolman on Jan-
uary 7, 1880, for a term of four years, which he fully
served, and thereafter was permitted to hold over until
October 17, 1895, and was out until January 28, 1896,
when he was reinstated and resigned on the same day.
He claims salary from October 17, 1895, until January
28, 1896, amounting to $280.30.

William Fuchs was appointed a patrolman on Feb-
ruary 1, 1887, for a term of four years, which he fully
served, and was thereafter permitted to hold over until
October 17, 1895, when he was dropped. He claims
salary for an alleged unexpired term, by implication,
from October 17, 1895, to February 1, 1899, amount-
ing to $3,287.78. The circuit court awarded them a
peremptory writ as prayed, and the defendants ap-
pealed.

The judgment of the circuit court was erroneous.
Both claimants were holdovers when they were dropped,

and were subject to removal at the pleasure of the board. [State ex rel. v. Hawes, p. 360, ante.]

· The judgment of the circuit court is, therefore, reversed, and the writ quashed. .

All concur.

The judgment in this case is reversed on the authority of State ex rel. Rife v. Hawes, reported at page 360 of this volume.

*C. W. Bates* and *Wm. F. Woerner* for appellants.

*A. A. Paxson* for respondent.